# UNITED STATES DISTRICT COURT
for the
### Eastern District of Kentucky
### Lexington Division

| | |
|---|---|
| Thomas Sims *and* ) <br> Anna Sims ) <br>     *Plaintiffs* ) <br> v. ) <br> ) <br> Experian Information Solutions, Inc. ) <br>     *Defendant* ) <br> Serve: ) <br>     C T Corporation System ) <br>     306 West Main Street, Suite 512 ) <br>     Frankfort, KY 40601 ) <br> ) <br> Equifax Information Services, LLC ) <br>     *Defendant* ) <br> Serve: ) <br>     Corporation Service Company ) <br>     421 West Main Street ) <br>     Frankfort, KY 40601 ) <br> ) <br> New Penn Financial, LLC ) <br> d/b/a Shellpoint Mortgage Servicing ) <br>     *Defendant* ) <br> Serve: ) <br>     Corporation Service Company ) <br>     421 West Main Street ) <br>     Frankfort, KY 40601 ) <br> ) <br> Bank of America, N.A. ) <br>     *Defendant* ) <br> Serve: ) <br>     Bank of America, N.A. ) <br>     100 North Tryon Street ) <br>     Charlotte, NC 28202 ) <br> ) | Case No. |

## COMPLAINT and DEMAND FOR JURY TRIAL

### Introduction

1. This is a complaint for damages for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

## JURISDICTION AND VENUE

2.    Jurisdiction of this court arises under 15 U.S.C. § 1681p. Venue is proper, because the nucleus of operative facts and events of Plaintiffs' claims affected and/or damaged them as consumers living within Lincoln County, Ky., which is located within this District.

## PARTIES

3.    Plaintiff Thomas Sims is a natural person who resides in Lincoln County, Ky. Mr. Sims is a "consumer" within the meaning of the FCRA, as defined at 15 U.S.C. § 1681a(c).

4.    Plaintiff Anna Sims is a natural person who resides in Lincoln County, Ky. Ms. Sims is a "consumer" within the meaning of the FCRA, as defined at 15 U.S.C. § 1681a(c).

5.    Defendant Experian Information Solutions, Inc. ("Experian") is a foreign corporation with its principal place of business located at 475 Anton Boulevard, Costa Mesa, CA 92626. Experian has registered to do business with the Kentucky Secretary of State. Experian is a "consumer reporting agency" within the meaning of the FCRA.

6.    Defendant Equifax Information Services, LLC ("Equifax") is a foreign limited liability company, with its principal place of business located at 1550 Peachtree Street NW, Atlanta, GA 30309. Equifax has registered to do business with Kentucky Secretary of State. Equifax is a "consumer reporting agency" within the meaning of the FCRA.

7.    Defendant New Penn Financial, LLC, d/b/a Shellpoint Mortgage Servicing ("Shellpoint"), is a foreign limited liability corporation with its principal place of business located at 4000 Chemical Road, Suite 200, Plymouth Meeting, PA 19462-1708. Shellpoint's business includes, *inter alia*, servicing residential mortgage loans originated by other creditors. Shellpoint has registered to do business with Kentucky Secretary of State. Shellpoint is a "furnisher" of credit information within the meaning of the FCRA.

8.    Defendant Bank of America, N.A. ("BOA") is a national bank with its headquarters located at 100 North Tryon Street, Charlotte, NC 28202. Bank of America's business includes, *inter alia*, originating and servicing consumer credit accounts. BOA is a "furnisher" of credit information within the meaning of the FCRA.

## STATEMENT OF FACTS

9.    On October 10, 2012, Plaintiffs Thomas Sims and Anna Sims (jointly, "the Sims") filed for Chapter 7 Bankruptcy relief in the U.S. Bankruptcy Court for the Eastern District of

Kentucky, Case No. 12-52622 (the "Sims Bankruptcy").

10. The Sims did not reaffirm any debts in the Sims Bankruptcy.

11. The U.S. Bankruptcy Court issued a discharge in the Sims Bankruptcy on January 1, 2013.

12. After receiving the discharge, the Sims began taking steps to right their economic ship.

13. By 2017, the Sims believed that were in a sound enough financial position to apply for home loan.

14. On or about May 23, 2017, the Sims applied for a home loan with Prime Mortgage Lending, Inc.

15. As part of the application process, Prime Mortgage requested, obtained, and reviewed a tri-merged credit report issued by Creditxpert, Inc. ("Creditxpert").

16. The Sims' loan application was denied by Prime Mortgage based on credit information contained in their tri-merged Creditxpert credit report.

17. After the denialy Prime Mortgage, the Sims reviewed the tri-merged Creditxpert credit report on which the loan denial was based.

18. The Sims were upset and disturbed to discover several tradelines that were being misreported on her consumer credit reports, including tradelines concerning debts discharged in the Sims Bankruptcy.

19. In particular, the Sims discovered that Defendant Experian Information Solutions, Inc. ("Experian") was misreporting credit information for a tradeline reported by Defendant New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint") on their credit reports and that Defendant Equifax Information Services, LLC ("Equifax") was misreporting the credit information for a tradeline reported by Defendant Bank of America, N.A. ("BOA") on a revolving account.

20. As to Ms. Sims, rather than reporting the Shellpoint tradeline as discharged in the Sims Bankruptcy, Experian was reporting that the status of the Shellpoint mortgage was in foreclosure and included a negative payment history continuing through April 2016.

21. As to Mr. Sims, Experian was correctly reporting that the mortgage was discharged in the Sims Bankruptcy. But Experian was reporting an incorrect "Date of Status" of March 2015. The correct Date of Status should have the Chapter 7 filing date. Experian was also reporting an incorrect "First Reported" date of March 2014.

22. As to Equifax, Equifax was incorrectly reporting the "Current Status" of a BOA revolving account as a "Charge-Off" rather than reporting that the debt had been discharged in the Sims Bankruptcy.

23. Upon finding the false and inaccurate credit information on their credit reports, on or about June 3, 2017, the Sims sent dispute letters to all three major consumer reporting agencies ("CRA's")—Equifax, Experian, and Trans Union, LLC ("Trans Union")—disputing the tradelines furnished by Shellpoint and BOA. In particular, the Sims disputed the fact the neither tradeline was correctly reflecting the bankruptcy discharge in the Sims Bankruptcy.

24. The CRA's had an affirmative duty under 15 U.S.C. § 1681i(2) to send Shellpoint and BOA prompt notice of the Sims dispute within five (5) business days of receiving the dispute.

25. The CRA's complied with their statutory duties and sent Shellpoint and BOA notice of the Sims' disputes.

26. Upon receiving the Sims' disputes from the CRA's, Shellpoint and BOA had an affirmative duty under 15 U.S.C. § 1681s-2(b) to investigate the substance and merits of the Sims' disputes concerning the accuracy of the credit information each was reporting concerning the Sims.

27. The Sims' disputed letters had mixed results. Some of the false and inaccurate information was corrected. But some was not.

28. Shellpoint failed to conduct a reasonable investigation into the Sims' disputes concerning the negative credit information Shellpoint was furnishing to Experian and the discharged Shellpoint mortgage debt.

29. Shellpoint falsely verified the accuracy of the disputed negative credit information to Experian.

30. In response to the Sims' dispute, Experian failed to correct the negative credit information furnished by Shellpoint. After processing the Sims's dispute, Experian continued to report the Shellpoint tradeline on Anna Sims' credit reports thusly:

| ANNA SIMS | | | | | | |
|---|---|---|---|---|---|---|
| Creditor Name NEWPENNFIN-SHELLPOINTM | | Opened 11/07 | High Balance $56,513 | Credit Limit $ — — | Terms 360 | Status FORECLOS |
| Account Number 515363078 | | Reported 04/16 | Balance $ — — | Past Due $ — — | ECOA J | 30 - 60 - 90+ 0 - 0 - 7 |
| Account Type MORT | KOB F | Last Activity UU/UU | Payment $ — — | Member ID 2276580 | Bureau EXPERIAN | Payment History 88-886666-86 868CC88888888 |
| Remarks CONVENTIONAL REAL ESTATE LOAN, INCLUDING PURCHASE MONEY FIRST | | | | | | |

31. BOA failed to conduct a reasonable investigation into the Sims' disputes concerning the negative credit information BOA was furnishing to Equifax and the discharged BOA debt.

32. BOA falsely verified the accuracy of the disputed negative credit information to Equifax.

33. In response to the Sims' dispute, Equifax failed to correct the negative credit information furnished by BOA. After processing the Sims's dispute, Equifax continued to report the BOA tradeline thusly:



34. On June 28, 2017, the Sims again applied for a mortgage and were denied financing based in large part on the incorrect credit information furnished by Experian concerning the Shellpoint tradeline and the incorrect credit information furnished by Equifax concerning the BOA revolving account.

35. As a result of the inaccurate credit information concerning the Shellpoint mortgage furnished by Shellpoint and published to its subscribers by Experian, Plaintiff Anna Sims was denied credit, had to pay more for credit, and experienced a decrease in her credit score.

36. As a result of the inaccurate credit information concerning the BOA revolving

account furnished by BOA and published to its subscribers by Equifax, Plaintiff Thomas Sims was denied credit, had to pay more for credit, and experienced a decrease in his credit score.

## CLAIMS FOR RELIEF

**I.  Claims against Experian Information Solutions, Inc.**

### A.  Violation of 15 U.S.C. § 1681i(1)

37. Experian Information Solutions, Inc. ("Experian") violated 15 U.S.C. § 1681i(1) by failing to conduct a reasonable investigation of the Sims' dispute concerning the inaccurate credit information furnished by Shellpoint.

38. As a result of Experian's failure to conduct a reasonable investigation of the Sims' dispute, Experian continued to inaccurately report that the Shellpoint tradeline was a current collection account with a balance due and owing. The Sims suffered actual damages in the form of a lowered credit score and denial of credit. The Sims also suffered frustration, irritation, and emotional upset and distress.

39. Experian's conduct, actions and inactions were willful, rendering Equifax liable under 15 U.S.C. § 1681n for actual, statutory, and punitive damages, along with attorney's fees and costs.

40. In the alternative, Experian's conduct, actions and inactions were negligent rendering Equifax liable under 15 U.S.C. § 1681o for actual damages, along with attorney's fees and costs.

### B.  Violation of 15 U.S.C. § 1681e(2)

41. Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of consumer reports it published to its subscribers and users of its consumer reports concerning Anna Sims and the accuracy of tradelines it published to its users and subscribers. In particular, Experian failed to note in its published reports that some of the tradelines it was reporting had been discharged in Ms. Sims' bankruptcy.

42. As a result of Experian's failure to conduct a reasonable investigation of the Sims' dispute, Anna Sims suffered actual damages in the form of a lowered credit score and denial of credit. She also suffered frustration, irritation, and emotional upset and distress.

43. Experian's conduct, actions and inactions were willful, rendering Experian liable under 15 U.S.C. § 1681n for actual, statutory, and punitive damages, along with attorney's fees

and costs. Experian was on clear notice was on clear notice that the failure to update that consumers' debts have been discharged in bankruptcy was improper due to similar lawsuits raising the same or similar claims as this action having been filed against Experian in this and other jurisdictions for the same or similar claims of failing to update that consumers' debts have been discharged in bankruptcy.

44. In the alternative, Experian's conduct, actions and inactions were negligent rendering Experian liable under 15 U.S.C. § 1681o for actual damages, along with attorney's fees and costs.

## II. Claims against Equifax Information Services, LLC

### A. Violation of 15 U.S.C. § 1681i(1)

45. Equifax Information Services, LLC violated 15 U.S.C. § 1681i(1) by failing to conduct a reasonable investigation of the Sims' dispute concerning the inaccurate credit information furnished by BOA.

46. As a result of Equifax's failure to conduct a reasonable investigation of the Sims' dispute, Equifax continued to inaccurately report that the BOA tradeline was a current collection account with a balance due and owing. The Sims suffered actual damages in the form of a lowered credit score and denial of credit. The Sims also suffered frustration, irritation, and emotional upset and distress.

47. Equifax's conduct, actions and inactions were willful, rendering Equifax liable under 15 U.S.C. § 1681n for actual, statutory, and punitive damages, along with attorney's fees and costs.

48. In the alternative, Equifax's conduct, actions and inactions were negligent rendering Equifax liable under 15 U.S.C. § 1681o for actual damages, along with attorney's fees and costs.

### B. Violation of 15 U.S.C. § 1681e(2)

49. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of consumer reports it published to its subscribers and users of its consumer reports concerning Thomas Sims and the accuracy of tradelines it published to its users and subscribers. In particular, Equifax failed to note in its published reports that some of the tradelines it was reporting had been discharged in Mr. Sims' bankruptcy.

50. As a result of Equifax's failure to conduct a reasonable investigation of the Sims' dispute, Anna Sims suffered actual damages in the form of a lowered credit score and denial of credit. She also suffered frustration, irritation, and emotional upset and distress.

51. Equifax's conduct, actions and inactions were willful, rendering Equifax liable under 15 U.S.C. § 1681n for actual, statutory, and punitive damages, along with attorney's fees and costs. Equifax was on clear notice that was on clear notice that the failure to update that consumers' debts have been discharged in bankruptcy was improper due to similar lawsuits raising the same or similar claims as this action having been filed against Experian in this and other jurisdictions for the same or similar claims of failing to update that consumers' debts have been discharged in bankruptcy.

52. In the alternative, Equifax's conduct, actions and inactions were negligent rendering Equifax liable under 15 U.S.C. § 1681o for actual damages, along with attorney's fees and costs.

**III. Claims against New Penn Financial, LLC, d/b/a Shellpoint Mortgage Servicing**

53. Defendant New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint") violated 15 U.S.C. § 1681s-2(b). After being informed by Experian that Anna Sims disputed the accuracy of the information it was providing concerning Anna Sims and the discharged Shellpoint debt, Shellpoint willfully failed to conduct a proper investigation of Ms. Sims' disputes filed with Experian that Shellpoint was furnishing false negative credit information about Anna Sims and the discharged Shellpoint debt.

54. Shellpoint willfully failed to review all relevant information purportedly provided by Experian to Shellpoint in conducting its investigation, as required by 15 U.S.C. §1681s-2(b)(B).

55. Shellpoint willfully failed to direct Experian to delete inaccurate information about the Sims pertaining to the discharged Shellpoint debt as required by 15 U.S.C. §1681s-2(b)(C).

56. As a result of Shellpoint's failure to conduct a reasonable investigation of Ms. Sims' dispute, Anna Sims suffered actual damages in the form of a lowered credit score and denial of credit. She also suffered frustration, irritation, and emotional upset and distress.

57. Anna Sims has a private right of action to assert claims against Shellpoint arising under 15 U.S.C. §1681s-2(b).

58. Shellpoint is liable to Anna Sims for the actual damages Ms. Sims has sustained by

reason of its violations of the FCRA, in an amount to be determined by the trier of fact, or up to $1,000.00 in statutory damages whichever is greater, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as her reasonable attorney's fees, and she may recover therefore pursuant to 15 U.S.C. §1681n.

59. In the alternative, Shellpoint's conduct, actions and inactions were negligent rendering Shellpoint liable under 15 U.S.C. § 1681o for actual damages, along with attorney's fees and costs.

**IV. Claims against Bank of America, N.A.**

60. Defendant Bank of America, N.A. ("BOA") violated 15 U.S.C. § 1681s-2(b). After being informed by Equifax that Thomas Sims disputed the accuracy of the information it was providing concerning Thomas Sims and the discharged BOA debt, BOA willfully failed to conduct a proper investigation of Mr. Sims' disputes filed with Equifax that BOA was furnishing false negative credit information about Thomas Sims and the discharged BOA debt.

61. BOA willfully failed to review all relevant information purportedly provided by Equifax to BOA in conducting its investigation, as required by 15 U.S.C. §1681s-2(b)(B).

62. BOA willfully failed to direct Equifax to delete inaccurate information about the Sims pertaining to the discharged BOA debt as required by 15 U.S.C. §1681s-2(b)(C).

63. As a result of BOA's failure to conduct a reasonable investigation of Mr. Sims' dispute, Thomas Sims suffered actual damages in the form of a lowered credit score and denial of credit. He also suffered frustration, irritation, and emotional upset and distress

64. Thomas Sims has a private right of action to assert claims against BOA arising under 15 U.S.C. §1681s-2(b).

65. BOA is liable to Thomas Sims for the actual damages Mr. Sims has sustained by reason of its violations of the FCRA, in an amount to be determined by the trier of fact, or up to $1,000.00 in statutory damages whichever is greater, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. §1681n.

66. In the alternative, BOA's conduct, actions and inactions were negligent rendering BOA liable under 15 U.S.C. § 1681o for actual damages, along with attorney's fees and costs.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs Thomas and Anna Sims requests that the Court grant them the following relief:

1. Award Plaintiffs the maximum amount of statutory damages;

2. Award Plaintiffs actual damages;

3. Award Plaintiffs punitive damages;

4. Award Plaintiffs attorney's fees, litigation expenses and costs;

5. A trial by jury; and

6. Any other relief to which Plaintiffs may be entitled.

Respectfully submitted,

/s/ James R. McKenzie
**James R. McKenzie**
**J. Hays Lawson**
*Credit Defense Attorneys, PLLC*
115 S. Sherrin Avenue, Suite 5
Louisville, KY 40207
Tel:  (502) 371-2179
Fax:  (502) 257-7309
james@creditdefenseky.com
hays@creditdefenseky.com